UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| STEPHANIE LACKEY, <br><br> PLAINTIFF <br><br> v. <br><br> AMERICAN HEART ASSOCIATION, INC., <br><br> DEFENDANT | <br><br><br><br> CIVIL ACTION NO. 3:20-cv-422-JRW <br><br> **ELECTRONICALLY FILED** |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, American Heart Association, Inc. ("AHA") hereby files this Notice of Removal from the Circuit Court of Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division, and states as follows:

### NATURE OF THE CASE

1. The removed case is a purported employment discrimination case filed under the Kentucky Civil Rights Act on May 22, 2020, by Plaintiff Stephanie Lackey, in the Circuit Court of Jefferson County, Kentucky, styled *Stephanie Lackey v. American Heart Association, Inc.*, Civil Action No. 20-CI-003082.

2. Plaintiff's Complaint asserts claims for alleged hostile work environment based on race, racial discrimination, and retaliation in violation of KRS Chapter 344. Plaintiff seeks "any and all damages and remedies allowed under KRS 344.450," (*see* Compl. at pg. 7), which include back pay, front pay, emotional distress damages, and reasonable attorneys' fees. *See generally Ky. Dep't*

1

*of Corr. v. McCullough*, 123 S.W.3d 130, 138 (Ky. 2003) (compensatory and incidental damages, but not punitive damages, are recoverable under the KCRA); *Wilson v. Lowe's Home Ctr.*, 75 S.W.3d 229, 239 (Ky. App. 2001) (damages for emotional distress and humiliation are recoverable under the KCRA).

3. As required by 28 U.S.C. § 1446(a), attached as Exhibit A is a copy of all process, pleadings, and orders served or attempted to be served upon AHA.

## BASIS FOR FEDERAL JURISDICTION

1. This Court has jurisdiction over the removed action pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)(1).

2. Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

3. Defendants seeking removal have the burden of proving by a preponderance of the evidence that the jurisdictional requirements have been met. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993).

4. Plaintiff is a citizen of the Commonwealth of Kentucky. (*See* Compl. at ¶ 1).

5. AHA is a not-for-profit corporation incorporated in New York and has its principal place of business located in the State of Texas. AHA is therefore a citizen of the States of New York and Texas. *See* 28 U.S.C. § 1332(c)(1) ("a

corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State where it has its principal place of business … .").

6. Thus, diversity exists between Plaintiff and AHA since they are citizens of different states. 28 U.S.C. § 1332(a)(1).

### AMOUNT IN CONTROVERSY REQUIREMENT SATISFIED

7. The amount in controversy in this action exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs . . . .").

8. Plaintiff's Complaint did not specifically allege an amount in controversy. *See generally* Compl. "When the complaint requests unspecified damages, the defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00 at the time of removal." *Sargent v. Monumental Life Ins. Co.*, No. 3:12-CV-000725-H, 2013 U.S. Dist. LEXIS 11007, at *3 (W.D. Ky. Jan. 25, 2013) (citing *Gafford*, 997 F.2d at 158). Thus, AHA must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of costs and interest. *Id.*

9. Here, Plaintiff's counsel confirmed that Plaintiff is seeking more than $75,000 in damages, exclusive of costs and interest. (*See* 5/28/2020 Email, attached as Exhibit B).

10. Further, Plaintiff's salary at the time of her termination was $100,000 per year. Accordingly, an award of back pay from the date of her termination on

December 18, 2017 to present (let alone to the date of an eventual trial) would exceed $75,000, without even taking into account Plaintiff's other claims for emotional distress damages, front pay, and attorneys' fees. *See Shupe v. Aspllundh Tree Expert Co.*, 566 F. App'x 476, 479-80 (6th Cir. 2014) (amount in controversy satisfied when plaintiff's unmitigated back pay would be approximately $68,250.00 at the likely time of trial and plaintiff also sought undisclosed amounts of damages for emotional distress and attorneys' fees); *see also Halsey v. AGCO Corp.*, 755 F. App'x 524, 526-529 (6th Cir. 2018) (amount in controversy satisfied when plaintiff disclosed $42,105.36 in past medical expenses and also sought undisclosed amounts of damages for pain and suffering).

11.     Accordingly, AHA has established that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

## TIMELINESS OF REMOVAL

12.     Pursuant to 28 U.S.C. § 1446(b)(3), removal of this action to the United States District Court for the Western District of Kentucky is timely because it was filed within thirty days of the date AHA received Plaintiff's Complaint and became aware that the amount in controversy exceeded $75,000 or more, and less than one year after the commencement of the action.

## VENUE

13.     The United States District Court for the Western District of Kentucky is the proper venue for removal under 28 U.S.C. § 1441(a) because the Western District encompasses Jefferson County, Kentucky.


## FILING OF REMOVAL PAPERS

14. Pursuant to 28 U.S.C. 1446(d), written notice of this removal is being provided simultaneously to both Plaintiff and the Circuit Court of Jefferson County, Kentucky. (*See* Exhibit C).

Based upon all of the foregoing, AHA hereby removes the above-captioned action from the Circuit Court of Jefferson County, Kentucky.

## DEMAND FOR JURY TRIAL

AHA hereby demands a jury trial as to all claims triable in this action.

Respectfully submitted,

*/s/Robin E. McGuffin*
Demetrius O. Holloway
dholloway@stites.com
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY  40202-3352
Telephone:  (502) 587-3400
Facsimile:  (502) 587-6391

and

Robin E. McGuffin
rmcguffin@stites.com
STITES & HARBISON, PLLC
250 West Main Street, Suite 2300
Lexington, Kentucky 40507
Telephone:  (859) 226-2300
Facsimile:  (859) 253-9144

COUNSEL FOR DEFENDANT
AMERICAN HEART ASSOCIATION, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2020, I electronically filed the foregoing using CM/ECF, which will send notice of electronic filing to the following counsel of record:

Andrew S. Epstein
Bahe, Cook, Cantley, & Nefzger PLC
1041 Goss Avenue
Louisville, Kentucky 40217
(502) 587-2002 (phone)
(502) 587-2007 (fax)
andrew@bccnlaw.com

*Counsel for Plaintiff*

/s/ *Robin E. McGuffin*
*Counsel for Defendant, American Heart Association, Inc.*