UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEPHANIE LACKEY     Plaintiff

v.     Civil Action No. 3:20-cv-422

AMERICAN HEART ASSOCIATION, INC.     Defendant

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Plaintiff Stephanie Lackey ("Lackey") presents three claims under the Kentucky Civil Rights Act ("KCRA"), KRS § 344.010, *et seq.* against Defendant American Heart Association, Inc. ("AHA"). [DE 1-1 at 10]. AHA moves to dismiss Lackey's complaint pursuant to Fed. R. Civ. P. 12(b)(6). [DE 7]. Lackey responded, [DE 8], and AHA replied. [DE 9]. For the reasons below, the Court **GRANTS in part** and **DENIES in part** AHA's Motion to Dismiss. [DE 7].

### BACKGROUND[1]

AHA employed Lackey as the "Metro Vice President and Executive Director of the Louisville chapter" from July 2016 until her termination in December 2017. [DE 8 at 92]. Lackey alleges she "was subjected to harassment and a hostile work environment due to her race (African-American)," that she "was subjected to discrimination because of her race," and that her termination was retaliation for her complaints about said harassment and discrimination. [DE 1-1 at 11, 12, 14].

Following Lackey's termination, in January 2018, she "filed a complaint with the Louisville/Jefferson County Metro Human Relations Commission ("LMHRC") alleging race and

---

[1] The Court accepts facts in the Complaint as true for the present Motion. [DE 1-1]. When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted).

1

age discrimination in violation of Title VII of the Civil Rights Act of 1964 as well as in violation of Louisville Metro Ordinance No. 193." [*Id.*]. On her LMHRC Complaint form, Lackey identified that her claim stemmed from both age and race discrimination.[2] [DE 7-2 at 40]. Lackey completed the LMHRC Complaint process *pro se*. [DE 8 at 93]. After receiving Lackey's Complaint, "an investigator from the LMHRC (Judy Dillander) informally interviewed several defense witnesses over the phone," though Lackey maintains that "these people were cherry-picked by the Defense as being witnesses who would contradict Lackey's claims or otherwise support the Defendant's position." [*Id.*]. Lackey had no opportunity to cross-examine the witnesses, nor to review what was said in their interviews. [*Id.*]. The LMHRC investigation process did not include a hearing. [*Id.*]. In August 2018, "the LMHRC dismissed Lackey's complaint with a finding of 'no probable cause', [and] did not issue any accompanying findings of fact." [*Id.*; *see* DE 7-8 at 90]. After receiving LMHRC's order of dismissal ("LMHRC Order"), "Lackey did not appeal the decision." [DE 8 at 93].

In May 2020, "Lackey filed suit against AHA in Jefferson Circuit Court alleging hostile work environment based on race; discrimination based on race; and unlawful retaliation all in violation of the KCRA." [*Id.*]. AHA removed the matter to this Court on diversity jurisdiction. [DE 1]. AHA now moves the Court to dismiss Lackey's complaint. [DE 7 at 26].

## STANDARD

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that

---

[2] The available choices in the "Discrimination Based On" section of the LMHRC Complaint form include race, color, sex, religion, national origin, retaliation, age, disability, or other. Of these options, Lackey selected only "race" and "age."

the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. Of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

## DISCUSSION

AHA moves to dismiss Lackey's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). [DE 7 at 26]. AHA argues that "[c]laim and issue preclusion bar [Lackey]'s complaint" because "the LMHRC's order of dismissal is entitled to preclusive effect." [*Id.*]. The issue is therefore whether Kentucky courts would entitle the LMHRC Order to a preclusive effect.

1. **Administrative Issue Preclusion**

"[W]hen a state agency is acting in a judicial capacity, even unreviewed state administrative determinations may preclude a trial on the same issues in federal court if the determination would be entitled to preclusive effect in the appropriate state court." *Nelson v. Jefferson County*, 863 F.2d 18, 19 (6th Cir. 1988). The administrative preclusion analysis involves three inquiries: "first, was the agency acting in a judicial capacity; second, would the decision have preclusive effect under Kentucky law; and third, does the federal action seek to litigate issues already determined by the state agency." *Id.* If the answer to each of these questions is affirmative, the doctrine of administrative preclusion prohibits relitigating the same issues.

*a. Judicial Capacity*

The first inquiry is whether LMHRC was acting in a judicial capacity when it issued the LMHRC Order. "An administrative board acts in a judicial capacity when it hears evidence, gives the parties an opportunity to brief and argue their versions of the facts, and the parties are given an opportunity to seek court review of any adverse findings." *Nelson*, 863 F.2d at 19. The Sixth Circuit held that the Lexington-Fayette Urban County HRC, Lexington's equivalent to LMHRC, was acting in a judicial capacity in an investigation where the complainant, Herrera,

> had an 'opportunity to present on the record, though informally, his charges against his employer.' . . . Herrera could submit evidence in support of his claim and, because the Fayette HRC rules do not contain a deadline for the submission of evidence, seemingly could have responded to any evidence submitted by or obtained from [his employer] with additional evidence of his own. The Fayette HRC can obtain subpoenas, though it is not clear whether Herrera could have asked the investigator to do so. Herrera could seek assistance from an attorney. Administrative reconsideration and judicial review are available.

*Herrera v. Churchill McGee*, 680 F.3d 539, 549 (6th Cir. 2012) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 483 (1982)).[3] Lackey asserts that "LMHRC was not acting in a 'judicial capacity' when it evaluated [her] case because there was no evidentiary hearing and she was not permitted to testify or make an oral argument," [DE 8 at 95]; however, whether a hearing was held in an administrative proceeding is not determinative in the judicial capacity inquiry. *Herrera*, 680 F.3d at 549.

Additionally, an order of dismissal that "received neither administrative reconsideration nor judicial review" is still issued in a judicial capacity so long as reconsideration or review are *available*. *Id.* at 550. Ultimately, "[t]he key is simply the *opportunity* to present evidence, argue the facts, and seek judicial review; the parties need not actually go through the motions for an agency to act in a judicial capacity." *Columbia Gas Transmission, LLC, v. Raven Co.*, 2014 U.S. Dist. LEXIS 80400, at *7-8 (E.D. Ky. 2014) (citing *Herrera*, 680 F.3d at 550) (emphasis original).

The LMHRC framework for adjudication of complaints is informative. After a complaint and answer have been filed with the LMHRC, a staff member of LMHRC "shall attempt to resolve the complaint and conduct a preliminary investigation of the complaint," and shall "render a final investigative written report detailing documentary and witness evidence to the Executive Director." Lou. Metro. Am. Ord. § 92.09(D). From this investigative report, the Executive Director determines "whether there is reasonable cause to believe that an unlawful practice has been committed." *Id.* § 92.09(E). If reasonable cause does not exist, the complaint is dismissed. *Id.* § 92.09(E)(1)-(4). If reasonable cause does exist, the parties have an opportunity for conference

---

[3] Section II. A. of the *Herrera* opinion was effectively overruled by the Supreme Court of Kentucky in *Owen v. Univ. of Ky.*, 486 S.W.3d 266 (Ky. 2016). *Owen* clarified election-of-remedies issues arising under KCRA pertaining to the effect of administrative decisions, however the *Owen* Court explicitly excluded claim and issue preclusion from the scope of its holding and analysis. *See id.* at n.31. As a result, this Court relies only on the portions of pre-*Owen* cases that pertain specifically to claim and issue preclusion and thus are not affected by the holding in *Owen*.

and conciliation, the complainant and respondent are advised in writing that they may elect to assert their claims in a civil action, and a hearing in the matter is set. *Id.* As in *Herrera*, "the agency will hold a hearing only after it has determined that probable cause supports the complainant's claim of discrimination." 680 F.3d at 549. A complainant has 20 days from an Executive Director's determination to petition for reconsideration. Lou. Metro. Am. Ord. § 92.09(G).

In Lackey's case, the LMHRC investigation included the main procedural components relied on in *Herrera*:[4] Lackey presented her charges against AHA to LMHRC in a short, plain, and concise statement. [DE 7-2 at 40]. AHA submitted a verified statement of position containing numerous exhibits to LMHRC. [*See* DE 7-5]. An investigator from LMHRC, Judy Dillander, interviewed witnesses as part of her investigation of Lackey's claim.[5] [DE 7-6 at 77]. After the investigation, LMHRC issued an order dismissing Lackey's case "with a finding of no probable cause to substantiate [Lackey]'s allegation of discrimination." [DE 7-8 at 90]. Finally, though "Lackey did not appeal the decision," [DE 8 at 93], the LMHRC procedures afford an aggrieved respondent 30 days from the service of their final order of dismissal to obtain judicial review in Jefferson Circuit Court. Lou. Metro Am. Ord. § 92.14.[6]

The judicial capacity inquiry is not solely determined by the skeletal procedures used in Lackey's LMHRC proceeding, but by the panoply of procedures that were available. *See Columbia Gas Transmission, LLC*, 2014 U.S. Dist. LEXIS 80400, at *7-8 (E.D. Ky. 2014). If the

---

[4] *See* 456 U.S. at 548-49.

[5] To be clear, the LMHRC investigator did not interview Lackey; she conducted interviews with several AHA employees including those referenced in Lackey's LMHRC Complaint. [*See* DE 7-6].

[6] (Accessible at https://codelibrary.amlegal.com/codes/louisvillemetro/latest/loukymetro/0-0-0-7959#JD_92.14).

Court were to hold that a LMHRC proceeding must include a hearing before it may appropriately be considered judicial, such a holding

> would lead to the dubious result that a complainant with a weaker case (i.e., whose claim was dismissed without a hearing for lack of probable cause) would be in a more favorable position with respect to preclusion than a complainant with a stronger case (i.e., whose claim was supported by probable cause and thus merited a hearing).

*Herrera*, 680 F.3d at 549. Like *Herrera*, this matter presents "somewhat of a close call" as to this inquiry. 680 F.3d at 550. Yet taken together, the various procedures employed by and available to LMHRC satisfy the requirements outlined in *Nelson*: LMHRC heard evidence, gave both parties a chance to argue their versions of the facts, and permitted court review of any adverse findings. 863 F.2d at 19. Consequently, LMHRC was acting in a judicial capacity when it investigated and dismissed Lackey's claim.

    b. *Preclusive Effect Under Kentucky Law*

"This court must next look to the law of Kentucky and determine whether the courts of that state would give preclusive effect to the factual findings of its administrative agencies." *Id.* In Kentucky, "[d]ecisions of administrative agencies acting in a judicial capacity are entitled to the same res judicata effect as judgments of a court." *Ky. Bar Ass'n v. Harris*, 269 S.W.3d 414, 418 (Ky. 2008). "Kentucky courts preclude litigation of an issue in a subsequent proceeding if that same issue was actually litigated, actually decided, and necessary to the judgment in a prior proceeding." *Herrera*, 680 F.3d at 550 (citing *Yeoman v. Ky. Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky. 1998). These factors are analyzed as to each of Lackey's three claims.

    i.    Race Discrimination Claim

Lackey's race discrimination claim stems from the same premise as her claim before LMHRC: that AHA discriminated against her because of her race. [*See* DE 7-2; DE 1-1 at 12].

7

When Lackey presented her discrimination claim to the LMHRC, she offered one substantive paragraph containing the factual particulars of her charge of discrimination. Lackey maintains that "[t]he portion of the [LMHRC complaint form] dedicated to the complainant's factual summary and allegations is a rectangle measuring approximately 3 inches by 8 inches, and Lackey's allegations therein consist of a single paragraph consisting of minimal details," [DE 8 at 92-93]. Yet at the top of this rectangle, the LMHRC complaint form clearly states: "If additional paper is needed, attach extra sheet(s)." [DE 7-2]. There was seemingly no limit on the amount of information that Lackey could have produced to establish the basis for her claims, so the length of Lackey's statement is not indicative of the breadth of Lackey's opportunity to make her argument. Lackey's paragraph consisted of the details of the events supporting her complaint, and in checking the box next to "discrimination" and providing a factual basis for such a charge, Lackey litigated her race discrimination claim with the LMHRC.

Lackey's race discrimination claim was both actually decided and necessary to the judgment in her prior LMHRC proceeding. The LMHRC Order dismissed Lackey's case "with a finding of no probable cause to substantiate [Lackey]'s allegation of discrimination." [DE 7-8 at 90]. The LMHRC explicitly decided the issue of discrimination; as the sole basis for the order, the dismissal of Lackey's discrimination claim was necessary to the final disposition of her LMHRC complaint. Lackey's race discrimination claim was therefore actually litigated, actually decided, and necessary to the judgment of the LMHRC proceeding, and is consequently barred by the doctrine of administrative issue preclusion.

      ii.      <u>Hostile Work Environment Claim</u>

Lackey's hostile work environment claim is similarly barred by administrative preclusion. In Kentucky, "hostile environment discrimination exists when the workplace is permeated with

8

discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ammerman v. Bd. of Educ. of Nicholas Cty.*, 30 S.W.3d 793, 798 (Ky. 2000) (citing *Williams v. General Motors Corp.*, 187 F.3d 553, 560 (6th Cir. 1999)). A hostile work environment claim therefore necessarily turns on the presence, pervasiveness, and severity of discrimination in the workplace. *Id.* As explained above, Lackey already litigated the issue of workplace discrimination in her LMHRC proceeding. Whether Lackey experienced discrimination that rose to the level of pervasiveness required for a hostile work environment claim was similarly already decided, because the crux of the LMHRC proceeding was whether Lackey experienced *any* discrimination at work. Finding no support for Lackey's discrimination claim, the LMHRC decided that Lackey did not experience discrimination severe or pervasive enough to cause her work environment to become hostile, because the LMHRC decided that Lackey did not experience discrimination. As a result, the issue of hostile work environment was actually decided by LMHRC.

LMHRC's resolution of Lackey's hostile work environment claim was necessary to the judgment because the final judgment ruled on whether there was any discrimination *at all*. Thus, any alternative finding would have turned upon the presence or pervasiveness of discrimination in the workplace. Because discrimination is necessarily a precursor to a claim of hostile work environment, Lackey's hostile work environment claim was actually litigated, actually decided, and necessary to the judgment in her LMHRC proceeding. As a result, Lackey's hostile work environment claim is barred by the doctrine of administrative issue preclusion.

      iii.    Retaliation

"[A]ny issues not necessarily involved in and determined in the" administrative proceeding "will not be precluded in federal court." *Nelson*, 863 F.2d at 19-20. Lackey's retaliation claim "is

not barred because [s]he never presented that claim to" LMHRC. *Herrera*, 680 F.3d at 551. The scope of LMHRC's investigation centered on whether Lackey experienced discrimination. [*See* DE 7-2 (Lackey did not check the box to identify that the particulars of her complaint included retaliation); DE 7-8 ("no probable cause to substantiate the Complainant's allegation *of discrimination.*" (emphasis added))]. Lackey did include a statement about retaliation on her LMHRC Complaint, however the statement was only included as evidence to support her discrimination claim. [DE 7-2]. The LMHRC Order found that Lackey was not discriminated against as an employee because of race; whether Lackey suffered adverse employment action for complaining of discrimination is a different factual and legal inquiry. Unless Lackey explicitly presented her retaliation claim to LMHRC, "it would not have decided, nor even considered, whether the true motivation of defendants' actions was to retaliate against her." *Herrera*, 680 F.3d at 551 (quoting *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1046-7 (6th Cir. 2001) (quotations omitted). As a result, Lackey did not actually litigate her retaliation claim and LMHRC did not actually decide it, nor was it necessary to the LMHRC Order.

    *c. Issues Determined by Agency*

LMHRC made a final determination about discrimination. [*See* DE 7-8]. LMHRC's finding of "no probable cause" to support a discrimination claim is a final determination of the presence and pervasiveness of the complained of discrimination. Thus, the LMHRC Order is entitled to preclusive effect as to claims that necessarily turn on the presence or pervasiveness of discrimination, including Lackey's race discrimination and hostile work environment claims. Conversely, Lackey's retaliation claim was not determined by LMHRC. LMHRC determined that Lackey was not discriminated against, however the LMHRC Order did not decide whether Lackey ever suffered retaliation for her complaints of discrimination. While a race discrimination claim

and hostile work environment claim necessarily require at least some finding of discrimination, a retaliation claim may be successful without a finding of discrimination.[7]  Because none of the elements of a retaliation claim require a showing that the complainant was actually discriminated against, the LMHRC Order did not determine the issue of retaliation.  [DE 7-8 ". . . a finding of no probable cause to substantiate the Complainant's allegation *of discrimination*." (emphasis added)].  As a result, Lackey's retaliation claim is not barred by the doctrine of administrative issue preclusion.

### 2. Claim Preclusion

AHA argues that "even if issue preclusion did not resolve all of Plaintiff's claims[,] . . . the doctrine of claim preclusion independently warrants dismissal of Plaintiff's complaint."  [DE 7 at 34].  Claim preclusion bars "the relitigation of the same issues in a subsequent appeal and includes every matter belonging to the subject of the litigation which could have been, as well as those which were, introduced in support of the contention of the parties on the first appeal." *Miller*, 361 S.W.3d at 871 (quoting *Huntzinger v. McCrae*, 818 S.W.2d 613, 615 (Ky. App. 1990)).  Claim preclusion applies when three elements are met: "(1) there must be an identity of parties between the two actions; (2) there must be an identity of the two causes of action; and (3) the prior action must have been decided on the merits." *Miller*, 361 S.W.3d at 872.

AHA correctly asserts that "there can be no dispute that there is an 'identity of the parties,' as Plaintiff and AHA are the sole parties to both this lawsuit and Plaintiff's LMHRC complaint." [DE 7 at 25].  Lackey does not dispute the identity of the parties. [*See* DE 8 at 99].  Instead,

---

[7] In Kentucky, a *prima facie* retaliation claim requires a showing "(1) that the plaintiff engaged in a protected activity, (2) the defendant knew that the plaintiff engaged in that activity, (3) thereafter, the defendant took an employment action adverse to the plaintiff, and (4) there was a causal connection between the protected activity and the adverse employment action." *Norton Healthcare, Inc. v. Lual Deng*, 487 S.W.3d 846, 851-52 (Ky. 2016).  A retaliation claim therefore does not depend upon, or even require, a showing of discrimination.

11

Lackey argues that claim preclusion does not bar her claims because "[t]he causes of action in Lackey's LMHRC complaint and her present civil suit are not identical," [*id.*], and because the LMHRC proceeding "was not fully adjudicated on the merits." [DE 8 at 100].

Because "'claim preclusion is [a] much more drastic doctrine'" than issue preclusion, "a critical prerequisite for applying claim preclusion is that the claimant have a fair opportunity to advance all [their] 'same transaction' claims in a single unitary proceeding." *Herrera v. Churchill McGee, LLC*, 2013 U.S. Dist. LEXIS 7745 at *14 (E.D. Ky. 2013) (quoting *Dionne v. Mayor & City Council of Baltimore*, 40 F.3d 677, 683 (4th Cir. 1994)). "The federal courts of appeals are split as to whether unreviewed state administrative decisions have claim-preclusive . . . effect." *Herrera*, 680 F.3d at n.9. When it is proper, claim preclusion (applied to an administrative decision) operates by "giving preclusive effect to state administrative fact-finding." *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986).

LMHRC did not issue findings of fact. [DE 8 at 100 "The LMHRC's order of dismissal contains no findings of fact or explanation for its decision"; *see* DE 7-8]. As discussed above,[8] Lackey's retaliation claim was not litigated in the prior LMHRC proceeding.[9] Given the heightened effect of claim preclusion (as opposed to issue preclusion), the basic procedures employed during the LMHRC proceeding and the fact that Lackey's retaliation claim was not actually litigated both weigh against the application of claim preclusion to Lackey's LMHRC proceeding. The Court therefore declines to afford a claim preclusive effect to the LMHRC Order. As a result, Lackey's retaliation claim survives both the claim and issue preclusion analysis.

---

[8] *Infra* § 1(b)(iii).
[9] Because Lackey's discrimination and hostile work environment claim are barred by administrative issue preclusion, the Court need not determine whether they would also be barred by the doctrine of claim preclusion.

In sum, LMHRC was acting in a judicial capacity when it adjudicated Lackey's claims. The issues of discrimination and hostile work environment were decided by LMHRC during that proceeding, and the LMHRC Order would have preclusive effect under Kentucky law for these two claims. As a result, Lackey's discrimination and hostile work environment claims are barred by the doctrine of administrative issue preclusion. Lackey's retaliation claim, however, was not actually litigated nor decided in the LMHRC proceeding. Accordingly, Lackey's retaliation claim is not precluded.

## CONCLUSION

For the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that AHA's Motion to Dismiss [DE 7] is **GRANTED in part** as to Lackey's hostile work environment and discrimination claims and **DENIED in part** as to Lackey's retaliation claim. The Court will issue a separate Order for Meeting and Report under Fed. R. Civ. P. 16 and 26.