UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:20-CV-00422-RGJ-LLK

STEPHANIE LACKEY                                                                                            PLAINTIFF

v.

AMERICAN HEART ASSOCIATION, INC.                                                              DEFENDANT

**OPINION & ORDER**

  Judge Rebecca Grady Jennings referred this matter to U.S. Magistrate Judge Lanny King for resolution of all litigation planning issues, a scheduling conference, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. [DN 12].

  On October 7, 2021, Plaintiff filed her Motion to Compel Discovery. [DN 21]. And on October 28, 2021, Defendant filed their response. [DN 23]. Finally, on November 5, 2021, Plaintiff filed their reply. [DN 24]. The Motion is now fully briefed and ripe for adjudication. For the reason set forth herein, the Plaintiff's Motion to Compel, [DN 21], is **GRANTED** in part and **DENIED** in part.

### Background

  On August 7, 2018, the Louisville Metro Human Relations Commission, ("LMHRC"), dismissed Plaintiff's complaint regarding her employment with and termination from Defendant's business. [DN 23 at 2]. This Court determined that Plaintiff's hostile work environment and racial discrimination claims, in the present case, were precluded based on the LMHRC's prior dismissal. [DN 11]. Only Plaintiff's retaliation claims remain.

  The parties are currently conducting discovery and the present motion deals with Plaintiff's first set of interrogatories and requests for production of documents to the Defendant. [DN 21 at 2]. Specifically, Plaintiff's interrogatories number two and five seek "the witnesses' race and

1

reason for their termination (if applicable)." [DN 21 at 5; *see also* 21-1 at 4-7]. Plaintiff also seeks production of their request number ten, a privilege log. [DN 21-1 at 9]. Finally, both Plaintiff and Defendant seek attorney's fees for having to draft and respond to the motion, respectively. [DN 21 at 8, 23 at 8].

## **Discussion**

Plaintiff seeks to compel interrogatory two, interrogatory five, a privilege log, and requests attorney's fees. Defendant also requests attorney's fees. Each issue shall be discussed in turn.

Interrogatory Number Two

Plaintiff requests information about whether and why nonparty former employees of Defendant were terminated; arguing the information is relevant because it might impact the deponents' credibility. [DN 21 at 7, 24 at 5].[1] Information concerning the credibility of deponents can be both relevant and discoverable. FED. R. CIV. P. 26(b)(1). However, but for cursory reference to impeachment, the Plaintiff offers no justification for relevance, instead stating: "The Defendant has made no claim or showing that Plaintiff intends to use the information for any purpose outside of impeaching the witnesses at trial, (should there prove to be any grounds for impeachment.)" [DN 24 at 4].

The memories and mental capacities of the witnesses aren't legitimately at issue; here, the Plaintiff offers only hypothetical scenarios where the information *might* be relevant.[2] And none

---

[1] Interrogatory number two also seeks racial and other information about the witnesses. This information is irrelevant for the reasons provided in the proceeding section.
[2] Specifically, the Plaintiff outlines that termination could be relevant "if any of them were terminated for a reason related to the facts of the present case (i.e., employee terminated for making racially offensive remarks) or for a reason reflecting upon their truth and veracity as a witness (i.e., drug or alcohol addiction, embezzlement, lying, or dishonesty), then such information is undoubtedly both relevant and discoverable." [DN 24 at 4].

of these nonparties "were the decisionmakers who decided to terminate Plaintiff's employment or are otherwise the key to Plaintiff's allegations." [DN 23 at 6].

Further, as pointed out by Defendant, non-party status is a relevant factor. [DN 23 at 5-7]. When dealing with a non-party, "the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non-party." *Medical Ctr. at Elizabeth Place, LLC v. Premier Health Partners*, 294 F.R.D. 87, 92 (S.D. Ohio 2013).

Thus Defendant is correct to state that "[d]ue to the minor role these other individuals played in this case, the potential for embarrassment or harm that may come from disclosing the reasons for their separations from employment is not proportional to needs of the case. [DN 23 at 6 (citing *Oglesby v. Hy-Vee, Inc.*, 2005 WL 857036, at *2 (D. Kan. Apr. 13, 2005)].

Interrogatory Number Five

"Interrogatory #5 sought information about the total number of African American employees and managers employed by AHA." [DN 21 at 5]. Defendant correctly argues that "it has already been conclusively determined that her complaints of discrimination were not warranted because Plaintiff was not racially discriminated against or harassed." [DN 23 at 4]. Plaintiff responds that this assertion is "questionable" and that "the factual underpinnings of those claims has never been vetted in any meaningful manner, and certainly not by this Court." [DN 24 at 1].

This is incorrect, as Judge Jennings explicitly found: "The issues of discrimination and hostile work environment were decided by LMHRC during that proceeding, and the LMHRC Order would have preclusive effect under Kentucky law for these two claims." [DN 11 at 13]. And for that reason, the request must be denied.

Privilege Log

On July 16, 2021 Defendant answered Plaintiff's request for production of document number ten, stating: "A privilege log will be produced." [DN 21-1]. Here, Plaintiff "moves the Court to compel either production of the log, or a supplemental RPOD answer from the Defendant clarifying that no such documents exist." [DN 21 at 7]. The Defendant responds, in full:

> AHA has conducted an internal review and determined that it has not withheld any responsive documents from its productions on the basis of privilege. Accordingly, there is nothing for AHA to put on a privilege log and nothing to compel. Plaintiff's motion on this issue therefore should be denied as moot.

[DN 23 at 7]. However, while documents may not have been withheld based on privilege, Plaintiff is entitled to an accurate, sworn statement to this affect. Therefore, Defendant must either supplement their written discovery response with such a statement, or a privilege log.

Sanctions

Plaintiff seeks fees "associated with the filing of this motion and related efforts to resolve this matter extrajudicially." [DN 21 at 8]. And Defendant argues "this Court should deny Plaintiff's request for fees and instead award AHA the attorneys' fees it incurred in opposing Plaintiff's meritless motion." [DN 23 at 8].

Federal Rule of Civil Procedure 37 specifically states that "the court must not order payment" if "the objection was substantially justified" or "if the motion was substantially justified." Here, the Court ordered leave for this motion, [DN 27], so it is substantially justified.

The Court also finds that Defendant's objections to the production were substantially justified for the reasons previously stated.[3]  Thus, no sanctions are appropriate.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Compel, [DN 21], is **GRANTED** in part and **DENIED** in part**.** The motion granted to the extent that Defendant shall produce either a supplemental answer to Plaintiff's request for production number ten, or a privilege log.  The remainder of the motion is denied.

2. Defendant's request for attorney fees is **DENIED.**  [DN 23].

**IT IS SO ORDERED.**
 February 3, 2022

*[signature]*

Lanny King, Magistrate Judge
United States District Court

c:      Counsel of Record

---

[3] Plaintiff argues that "the withholding of information regarding the privile[]ge log is grounds for the Plaintiff's motion for attorney's fees."  Here, Defendants have confirmed that they did not withhold any documents based on privilege. [DN 23 at 7-8].  Sanctions are not appropriate where the delay is substantially justified or harmless  *Harris v. Rives*, 2021 WL 5925965, at *4 (W.D. Ky. Dec. 15, 2021). Here the delay was justified as Defendant conducted an internal review to determine whether it withheld any documents based on privilege, [DN 23 at 7], and harmless where no documents were withheld.